BLOOD HURST & O'REARDON, LLP
TIMOTHY G. BLOOD (149343)
JAMES M. DAVIS (301636)
ADAM BUCCI (327312)
501 West Broadway, Suite 1490
San Diego, CA  92101
Tel: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com
jdavis@bholaw.com
abucci@bholaw.com

LAW OFFICE OF D. JOSHUA STAUB
D. JOSHUA STAUB (170568)
JAMES C. D. CARR (308118)
13015 W Washington Blvd.
Los Angeles, CA 90066
Tel: 424/216-1776
josh@djoshuastaub.com
james@carrlawgrp.com

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE**

| | |
|---|---|
| SCOTT MOREE on behalf of himself, those similarly situated and the general public,<br><br>    Plaintiff,<br><br>    v.<br><br>VALVOLINE INC.; VALVOLINE INSTANT OIL CHANGE FRANCHISING, INC.<br><br>    Defendants. | Case No. 5:25-cv-02469-JGB-DTB<br><br>**CLASS ACTION**<br><br>[~~PROPOSED~~] **STIPULATED PROTECTIVE ORDER**<br><br>District Judge Jesus G. Bernal<br>Courtroom 1, 2nd Floor<br>Magistrate Judge David T. Bristow<br>Courtroom 4, 3rd Floor<br><br>Complaint Filed:   June 5, 2025<br>Removal:   September 18, 2025<br>Trial Date:   TBD |

BLOOD HURST & O' REARDON, LLP

5:25-cv-02469-JGB-DTB

[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER

00236993

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, Plaintiff Laura Elise Delapaz ("Plaintiff"), on behalf of herself and all others similarly situated, and Defendants Valvoline Inc. and Valvoline Instant Oil Change Franchising, Inc. ("Defendants" and, together with Plaintiff, the "Parties"), hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 14, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

**GOOD CAUSE STATEMENT:** This action is likely to involve trade secrets, customer and pricing lists, and other valuable research, development, commercial, financial, technical, and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or information that may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. The unrestricted or unprotected disclosure of such confidential information would result in prejudice or harm to the Producing Party and/or third parties by revealing their information, which

BLOOD HURST & O' REARDON, LLP

[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER

00236993

could result in loss of business, undue burden or expense, and/or violation of federal, state, or other applicable law. It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner and there is good cause why it should not be part of the public record of this case. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonably necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order governing such information is justified in this matter, and the Parties, by and through their respective counsel, and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, hereby stipulate and agree to the terms of this Stipulated Protective Order as follows:

IT IS HEREBY STIPULATED, subject to the approval of the Court that:

1.    **PARTIES TO THE PROTECTIVE ORDER.** This Stipulated Protective Order (hereinafter "Order") shall govern all discovery materials produced, disclosed, or designated as Protected Material (defined below) in the above-captioned action (the "Action") by any Party or non-party, or their respective counsel, retained experts, directors, officers, employees, or agents (the "Receiving Party"). The Party or non-party that produces discovery materials (the "Designating Party") may designate those discovery materials as Protected Material.

2.    **SCOPE OF THE PROTECTIVE ORDER.** This Order shall govern the use of Protected Material produced during discovery in this Action. However, any use of Protected Material at trial shall be governed by a separate agreement or order. All Protected Material shall be used solely for the purposes of prosecuting, defending, or attempting to settle this Action and shall not be used by any Party other than the Designating Party for any other purpose, including but not limited to, any other

litigation or any business or commercial purpose. Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. For purposes of this Order, the Designating Party bears the burden of establishing the confidentiality of all such information, documents, materials, or items. The protections conferred by this Order cover not only Protected Material (as defined below), but also: (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by the Parties or their Counsel that might reveal Protected Material.

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of: (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

3.      **DEFINITIONS OF PROTECTED MATERIAL.** For purposes of this Order, "Protected Material" shall mean information (regardless of how it is generated, stored, or maintained) or tangible things that:

(a) qualify for protection under Federal Rule of Civil Procedure 26(c) or other state or federal law, including, e.g., (i) information prohibited from disclosure by statute or other law, (ii) research, technical, commercial, financial, or other business information that the party has maintained as confidential, (iii) medical information concerning any individual, (iv) private personal information, including personal identity information, or (v) information that the Designating Party is under a contractual or other legal obligation to treat as confidential ("Confidential Information"); and/or

BLOOD HURST & O' REARDON, LLP

[PROPOSED] STIPULATED PROTECTIVE ORDER

00236993

(b) that the Designating Party believes in good faith to be the most sensitive, including but not limited to trade secret or other confidential research, development, design, business, financial, strategic, or other commercially sensitive information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the Designating Party ("Highly Confidential Information").

Protected Material shall not include information that has been publicly disclosed by any Party prior to the date hereof, or that has been or is as of the date hereto generally available to the public, or that becomes generally available to the public after the date hereof other than as a result of unauthorized disclosure by the non-designating Party.

4. **DESIGNATING PROTECTED MATERIAL.** The Designating Party shall designate Protected Material by stamping copies of the document produced to a Party with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," as applicable, on each page of a document containing Confidential Information or Highly Confidential Information, respectively. Any such stamp or designation shall not in any manner cover up, overlap upon, obscure, or otherwise conceal any text, picture, drawing, graph, or other communication or depiction in the document. Blanket designation of documents or information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" en masse and/or without regard to the specific contents of each document is prohibited. "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" documents and information produced in native file format, or in any other medium that cannot be designated by stamping as set forth above, shall, at minimum, indicate the applicable designation in the produced metadata. Whenever the Party to whom such information is produced reduces such material to hard copy or image document form, the Party shall designate the hard copy or image documents with the legend as provided in this paragraph.

[PROPOSED] STIPULATED PROTECTIVE ORDER

BLOOD HURST & O' REARDON, LLP

5.     **DESIGNATING DEPOSITION TESTIMONY.** With respect to any deposition, confidential treatment may be invoked by designating specific answers or pages and lines as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" on the record at the deposition, or by serving such designations within 30 days after receipt of the final transcript of the deposition. All deposition transcripts shall be treated as Protected Material for 30 days following receipt of the transcript.

6.     **GOOD-FAITH BELIEF.** The designation of any material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" pursuant to this Order shall constitute the verification of the Designating Party and its counsel that the material constitutes Confidential Information or Highly Confidential Information, respectively, as defined above. Blanket designation of documents or information without regard to the specific contents of each document or piece of information is prohibited.

If at any time prior to the trial of this Action a Designating Party realizes that previously produced documents or other discovery material should be designated as Confidential Information or Highly Confidential Information, the Designating Party may so designate by advising all other Parties in writing and by producing replacement documents or material with the applicable "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" designation as described above. The designated documents or material will thereafter be treated as Protected Material pursuant to this Order. Upon receipt of such designation in writing and reproduction of the material with the applicable stamp, the Parties and other persons subject to this Order shall take reasonable and appropriate steps to notify any and all recipients of the discovery material about the protected status of the newly designated Protected Material and to retrieve the newly designated Protected Material from any person who is not permitted by this Order to have such Protected Material.

[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER

00236993

BLOOD HURST & O' REARDON, LLP

7. **DISCLOSURE OF CONFIDENTIAL INFORMATION.** Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Court, including attorneys, employees, judges, magistrates, secretaries, special masters, stenographic reporters, staff, transcribers, and all other personnel necessary to assist the Court in its function, and the jury;

(b) Plaintiff Delapaz, any other named class representative, and Defendants, including Defendants' officers, directors, and employees (including in-house counsel) to whom disclosure is reasonably necessary for this Action;

(c) counsel of record for the Parties, including all partners and associate attorneys of such counsel's law firms who are assisting in the conduct of the Action, and all clerks, employees, independent contractors, consultants, investigators, paralegals, assistants, secretaries, staff, and stenographic, computer, audio-visual, and clerical employees and agents thereof when operating under the supervision of such partners or associate attorneys;

(d) litigation support services, including outside copying services, court reporters, stenographers, or companies engaged in the business of supporting computerized or electronic litigation discovery or trial preparation, retained by a Party or its counsel;

(e) consulting or testifying experts in the Action, including associated personnel necessary to assist experts, each of whom have signed the "Non-Disclosure Agreement" attached hereto as Exhibit A;

(f) professional jury or trial consultants, including associated personnel necessary to assist such consultants, and mock jurors, each of whom have signed the "Non-Disclosure Agreement" attached hereto as Exhibit A;

(g) the author or recipient of a document containing the Protected Material or a custodian or other person who otherwise possessed or knew the

00236993

Protected Material and those persons identified on such Protected Material;

(h)     during their depositions, witnesses in the Action to whom disclosure is reasonably necessary and who have signed the "Non-Disclosure Agreement" attached hereto as Exhibit A, unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) any other person as may be designated by written agreement by the Designating Party or by order of the Court, provided such person has signed the "Non-Disclosure Agreement" attached hereto as Exhibit A.

8.     **DISCLOSURE OF HIGHLY CONFIDENTIAL INFORMATION.** Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" only to the persons identified in Paragraph 6(a) and (c)-(i) above, as well as to in-house counsel for Defendants.

No Party receiving Protected Material shall be under any obligation to object to the designation of any document at the time such designation is made or at any time thereafter. No Party shall, by failure to object, be found to have acquiesced or agreed to such designation or be barred from objecting to such designation at any time.

9.     **EXECUTING THE NON-DISCLOSURE AGREEMENT.** The persons identified in Paragraph 6(e), (f), (h), and (i) above shall execute the "Non-Disclosure Agreement" attached hereto as Exhibit A before receiving Protected Material. Copies of the executed Exhibit A shall be retained by counsel disclosing Protected Material to each such person.

10.     **CHALLENGING DESIGNATIONS.**

10.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality (in so doing, a "Challenging Party") at any time that is

BLOOD HURST & O' REARDON, LLP

00236993

consistent with applicable scheduling order(s) entered by the Court. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

10.2    Meet and Confer. The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 et seq., by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 10 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

10.3    Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Designating Party may serve its portion of a written stipulation in compliance with Local Rule 37-2 to retain confidentiality within 21 days of the initial notice of challenge (if the Parties did not meet and confer) or within 14 days of the Parties agreeing that the meet and confer process will not resolve their dispute. In addition, the Challenging Party may initiate the process for filing a motion pursuant to Local Rule 37-2 challenging a confidentiality designation at any time if there is

BLOOD HURST & O' REARDON, LLP

[PROPOSED] STIPULATED PROTECTIVE ORDER

00236993

good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

In the event the Court rules that the challenged material is not "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" as designated, the Designating Party shall reproduce copies of all materials so designated without the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" label at the Designating Party's expense within 10 court days.

11. **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL.** If a Party discloses information that it thereafter claims to be privileged, protected by the attorney-client privilege or work-product protection or otherwise protected from disclosure ("Protected Information"), the disclosure of that Protected Information will not constitute or be deemed a waiver or forfeiture—in this or any other action—of any claim of privilege or work product protection that the Designating Party would otherwise be entitled to assert with respect to the Protected Information and its subject matter. This Order protects any disclosure of Protected Information, whether that disclosure is inadvertent or otherwise. Each party is entitled to decide, in its sole discretion, the appropriate degree of care to exercise in reviewing materials for privilege. Irrespective of the care that is actually exercised in reviewing materials for privilege, the Court hereby orders that

00236993

BLOOD HURST & O' REARDON, LLP

disclosure of Protected Information in discovery conducted in this litigation shall not waive any claim of privilege or work-product protection that a Party would otherwise be entitled to assert with respect to the Protected Information and its subject matter. The Designating Party must notify the Party receiving the Protected Information, in writing, that it has disclosed that Protected Information without intending a waiver by the disclosure. Upon receipt of notification, the Receiving Party shall promptly take all reasonable steps to destroy or return all copies, electronic or otherwise, of such document or other information, and shall provide a certification that it will cease further review, dissemination, and use of the Protected Information. Any responsive documents or information clawed back under the provisions of this paragraph shall be included on the Designating Party's privilege log. This Order shall be interpreted to provide the maximum protection allowed to the Designating Party by Federal Rule of Evidence 502(d). The provisions of Federal Rule of Evidence 502(b)(2) are inapplicable to the production of Protected Information under this Order. If for any reason, however, a Court finds that this Section is inapplicable to Protected Information, then Rule 502(b) will apply in its absence.

12. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.** If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all terms of this Order, and (d) request such person or persons to execute the "Non-Disclosure Agreement" attached hereto as Exhibit A.

13. **SUBPOENA FOR PROTECTED MATERIAL.** If any Party has obtained Protected Material under the terms of this Order and receives a request to produce such Protected Material by subpoena or other compulsory process

11    5:25-cv-02469-JGB-DTB

[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER

00236993

BLOOD HURST & O' REARDON, LLP

commanding the production of such Protected Material, such Party shall promptly notify the Designating Party, including in such notice the date set for the production of such subpoenaed information, and shall cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

14. **FILING PROTECTED MATERIAL.** The Parties acknowledge that this Order creates no entitlement to file Protected Material under seal. The Parties will comply with applicable law, including Civ. L.R. 79-5 and this Court's Standing Order, when filing documents under seal.

Nothing herein shall impose any restriction on the use or disclosure by a Party of its own information or of information that lawfully came into the possession of the Party independent of any disclosure of information in this Action.

This Order shall be binding throughout and after final adjudication of this Action, including, but not limited to, final adjudication of any appeals and petitions for extraordinary writs. Nothing in this Order shall be construed to contradict any provision of law.

15. **FINAL TERMINATION.** Upon final termination of the Action, including any and all appeals, counsel for each Party shall, upon request of the Designating Party, return all Protected Material, including any copies, excerpts, and summaries thereof, or shall destroy same at the option of the Receiving Party, and shall purge all such information from all machine-readable media on which the Protected Material resides. Notwithstanding the foregoing, counsel for each Party may retain all pleadings, briefs, memoranda, discovery responses, deposition transcripts, deposition exhibits, expert reports, motions, and other documents filed with the Court that refer to or incorporate Protected Material, and will continue to be bound by this Order with respect to all such retained information. Further, attorney work-product materials that contain Protected Material need not be destroyed, but, if

they are not destroyed, the person in possession of the attorney work-product will continue to be bound by this Order with respect to all such retained information.

16. **MODIFYING THIS ORDER.** Nothing in this Order shall be construed to prohibit the Parties from agreeing to modify any provision of this Order or seeking relief from the Court. Nor shall anything in this Order or any Party's compliance herewith be construed as a waiver of any Party's rights under applicable law.

Respectfully submitted,

Dated: July 1, 2026

BLOOD HURST & O'REARDON, LLP
TIMOTHY G. BLOOD (149343)
JAMES M. DAVIS (301636)
ADAM BUCCI (327312)

By:          *s/ Timothy G. Blood*
TIMOTHY G. BLOOD

501 West Broadway, Suite 1490
San Diego, CA  92101
Tel: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com
jdavis@bholaw.com
abucci@bholaw.com

LAW OFFICE OF D. JOSHUA STAUB
D. JOSHUA STAUB (170568)
JAMES C. D. CARR (308118)
13015 W Washington Blvd.
Los Angeles, CA 90066
Tel: 424/216-1776
josh@djoshuastaub.com
james@carrlawgrp.com

*Attorneys for Plaintiff*

Dated: July 1, 2026

BENESCH FRIEDLANDER COPLAN
   & ARONOFF LLP
KRISTA ENNS (206430)
ANNA TERTERYAN (300368)

By:          *s/ Anna Terteryan*
ANNA TERTERYAN

100 Pine Street, Suite 3100
San Francisco, CA  94111
Tel: 628.295.2250
Facsimile: 628.221.5828

BLOOD HURST & O' REARDON, LLP

13                      5:25-cv-02469-JGB-DTB

00236993

[PROPOSED] STIPULATED PROTECTIVE ORDER

kenns@beneschlaw.com
atertervan@beneschlaw.com

*Attorneys for Defendants*

### ECF CERTIFICATION

The filing attorney attests that he has obtained concurrence regarding the filing of this document from the signatories to this document.

Dated: July 1, 2026                    BLOOD HURST & O'REARDON, LLP


By:        *s/ Timothy G. Blood*
                    TIMOTHY G. BLOOD

[PROPOSED] STIPULATED PROTECTIVE ORDER

# [~~PROPOSED~~] ORDER

Having reviewed the above Stipulated Protective Order, the Court finds that good cause exists for the entry of this Order.

**IT IS SO ORDERED.**

Dated:   July 2, 2026

_____
THE HONORABLE DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE

BLOOD HURST & O' REARDON, LLP

[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER

00236993

# EXHIBIT A

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE

SCOTT MOREE on behalf of himself, those similarly situated and the general public,

Plaintiff,

v.

VALVOLINE INC.; and VALVOLINE INSTANT OIL CHANGE FRANCHISING, INC.,

Defendants.

Case No. 5:25-cv-02469-JGB-DTB

**CLASS ACTION**

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

District Judge Jesus G. Bernal
Courtroom 1, 2nd Floor
Magistrate Judge David T. Bristow
Courtroom 4, 3rd Floor

Complaint Filed:    June 5, 2025
Removal:    September 18, 2025
Trial Date:    TBD

**JURY TRIAL DEMANDED**

## NON-DISCLOSURE AGREEMENT

I, the undersigned, hereby declare that I have read the Stipulated Protective Order entered in the above-captioned Action. I understand the terms of, will comply with, and agree to be bound by all the provisions of the Stipulated Protective Order.

DATED:_____      _____
                                                  Signature

                                                  _____
                                                  Print Name

BLOOD HURST & O' REARDON, LLP

00236993